**Wilmington Savings Fund Socy., FSB v Mallikarjun**

2024 NY Slip Op 31544(U)

April 29, 2024

Supreme Court, New York County

Docket Number: Index No. 850224/2021

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. FRANCIS A. KAHN, III

*Justice*

PART     32

----------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER
TRUSTEE OF CSMC 2018-SP3 TRUST,

Plaintiff,

- v -

SREERAM MALLIKARJUN, BOARD OF MANAGERS OF
THE ORION CONDOMINIUM HOMEOWNERS
ASSOCIATION, CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, CITY OF NEW YORK PARKING
VIOLATIONS BUREAU, CITY OF NEW YORK TRANSIT
ADJUDICATION BUREAU, JOHN DOE, SAID NAME
BEING FICTITIOUS, IT BEING THE INTENTION OF
PLAINTIFF TO DESIGNATE ANY AND ALL OCCUPANTS
OF PREMISES BEING FORECLOSED HEREIN, AND ANY

Defendant.

-----------------------------------------------------------------X

INDEX NO.     850224/2021

MOTION DATE  _____

MOTION SEQ. NO. _____ 001 _____

DECISION + ORDER ON
MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion to/for     ORDER OF REFERENCE/REFERENCE TO COMPUTE     .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

This is an action to foreclose on a mortgage encumbering residential real property located at at 350 West 42nd Street Apartment 53C, New York, New York. The mortgagor Sreeram Mallikarjun ("Mallikarjun") defaulted in appearing at two CPLR §3408 conferences and appearing in this action. Defendant Board of Managers of the Orion Condominium Homeowners Association ("Board") answered and pled four crossclaims, but no affirmative defenses.

Now, Plaintiff moves for a default judgment against the non-appearing parties, for an order of reference, for an extension of time to serve Defendant Board and to amend the caption. Defendant Board cross-moves for, *inter alia*, summary judgment on its crossclaims and the appointment of a receiver for the collection of rent. Neither Plaintiff nor Board opposes the other parties' motion.

The branches of Plaintiff's motion for a default judgment on its causes of action for a default judgment on its foreclosure cause of action and appointment of a referee to compute are granted without opposition. The branch of the motion to extend Plaintiff's time to serve Board, or to ratify its service, is denied as unnecessary. Board appeared in this action and filed an answer without a personal jurisdiction defense. As such, a claim that service upon Board was defective was waived (CPLR §3211[e]).

850224/2021  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST vs. MALLIKARJUN, SREERAM
ET AL
Motion No. 001

Page 1 of 4

1 of 4

The branch of Board's cross-motion for issuance of a money judgment against Mallikarjun for unpaid common charges is granted without opposition. As to the branch of the motion for the appointment of a receiver, despite Mallikarjun's contractual assent, the appointment is not perfunctory and a court, in the exercise of it equitable power, retains the discretion to deny the appointment of a receiver (*see ADHY Advisors LLC. v 530 W. 152nd St. LLC*, 82 AD3d 619 [1st Dept 2011]; *see also Nechadim Corp. v Simmons*, 171 AD3d 1195, 1197 [2nd Dept 2019]). As it does not appear that the premises are in imminent danger, are presently inadequate security for Plaintiff's debt or that a prolonged litigation is presently likely, the Court finds that it is an appropriate exercise of its discretion to decline to appoint a temporary receiver at present.

Accordingly, it is

ORDERED that the motion for a default judgment against the non-appearing parties and the appointment of a referee to compute is granted without opposition; and it is further

ORDERED that Defendant Board of Managers of the Orion Condominium Homeowners Association is granted summary judgment on its second and fourth crossclaims against Defendant Sreeram Mallikarjun; and it is further

ORDERED that Defendant Board of Managers of the Orion Condominium Homeowners Association may enter a money judgment with the New York County Clerk for $23,162.38, representing unpaid common charges incurred after July 1, 2022, together with statutory interest from that date until the entry of judgment. Plaintiff is also granted costs to be award upon submission to the Clerk of an appropriate bill of costs; and it is further

ORDERED that **Doron Leiby, Esq., 32 Broadway, 13th Floor, New York, New York 10004 – 212-227-4200** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that if a Defendant appears and contests the amount due, in the discretion of the Referee, a hearing may be held, and testimony taken, otherwise the Referee shall hold no hearing and take no testimony or evidence other than by written submission; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

850224/2021  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST vs. MALLIKARJUN, SREERAM
ET AL
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

ORDERED that if the Referee holds a hearing or is required to perform other significant services in issuing the report, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that plaintiff shall forward all necessary documents to the Referee and to defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED the failure by defendants to submit objections to the referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the referee's report; and it is further

ORDERED that if plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to plaintiff's failure to move this litigation forward; and it further

ORDERED, that the remaining "JOHN DOE" and "JANE DOE" defendants are hereby stricken from the caption as unnecessary parties, and it is further

ORDERED that the request that certain JOHN DOES (Refused Name) be added to the caption is denied as the New York County Clerk will not accept a judgment with a "Doe" defendant in the caption, and it is further

ORDERED that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
Wilmington Savings Fund Society, FSB, not in its
individual capacity but solely as Owner Trustee of
CSMC 2018-SP3 Trust,

                              Plaintiff,
      -against-

Sreeram Mallikarjun; Board of Managers of The Orion
Condominium Homeowners Association; City of New
York Environmental Control Board; City of New York
Parking Violations Bureau; City of New York Transit
Adjudication Bureau,

850224/2021  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE OF CSMC 2018-SP3 TRUST vs. MALLIKARJUN, SREERAM
ET AL
Motion No. 001

Page 3 of 4

                                    Defendants.
------------------------------------------------------------------------X

        and it is further

        ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

        ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

        ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

        All parties are to appear for a virtual conference via Microsoft Teams on **September 19, 2024, at 12:40 p.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 4/29/2024 | | |
| --- | --- | --- |
| DATE | | |

FRANCIS KAHN, III, A.J.S.C.

HON. FRANCIS A. KAHN III
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| --- | --- | --- | --- | --- | --- |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | REFERENCE |